# 2011PC0350

CAUSE NO. _____

FILED
IN MATTERS PROBATE
2011 FEB -3 PM 3: 00
GERARD RICKHOFF
CLERK PROBATE COURTS
BEXAR COUNTY, TEXAS
BY _____
DEPUTY

| | | |
|---|---|---|
| CRAIG WILLIAM CLARK AND RICHARD BURNS CLARK | § § § | IN THE PROBATE COURT |
| vs. | § | |
| J.P. MORGAN CHASE BANK, N.A., INDIVIDUALLY AND CORPORATELY AND AS TRUSTEE OF THE BURNS IRREVOCABLE TRUST AND THE BURNS TESTAMENTARY TRUST, BILLY APPLEWHITE, GARY P. AYMES AND KYLE E. GUBERNATOR | § § § § § § § § § | NO. 2   PVT PROCESS PERS. CIT |
| | | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Craig William Clark and Richard Burns Clark, Plaintiffs, complaining of J.P. Morgan Chase Bank, N.A., Individually and Corporately, and as Trustee of the Burns Irrevocable Trust and the Burns Testamentary Trust, Billy Applewhite, Gary P. Aymes and Kyle E. Gubernator, and for cause of action would respectfully show the following:

### Discovery Plan

1.  Plaintiffs intend to conduct discovery in this case under Tex. R. Civ. Pro. 190.4 (Level 3).

### Parties

2.  Plaintiff, Craig. W. Clark, is an individual residing in Aransas County, Texas.

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
S:\JLD\Clark, The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:
MAR 0 7 2011
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY _____
DEPUTY

VOL 2056 PG 1194



EXHIBIT
A

3.      Plaintiff, Richard B. Clark, is an individual residing in Bexar County, Texas.

4.      Defendant, J.P. Morgan Chase Bank, N.A., is a national banking association and may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul, Suite 2900, Dallas, Texas 75201-4234.

5.      Defendant, Billy Applewhite, is an individual residing in Frio County, Texas, where he may be served with process at 19515 FM 1582, Pearsall, Texas 78061.

6.      Defendant, Gary P. Aymes, is an individual residing in Bexar County, Texas, and may be served with process at the office of J.P. Morgan Chase Bank, N.A., at 1020 N.E. Loop 410, San Antonio, Bexar County, Texas 78209.

7.      Defendant, Kyle E. Gubernator, is an individual residing in Bexar County, Texas, and may be served with process at the office of J.P. Morgan Chase Bank, N.A., at 613 N.W. Loop 410, Suite 350, San Antonio, Bexar County, Texas 78216.

### Jurisdiction and Venue

8.      This Court has jurisdiction of this cause because this is a suit against a trustee and an action involving an inter vivos trust and a testamentary trust, and therefore this Court has jurisdiction under and pursuant to Section 4G (1) & (2) of the Texas Probate Code.

9.      Venue is proper in Bexar County under and pursuant to Section 115.002 of the Texas Trust Code because Defendant, J.P. Morgan Chase Bank,

VOL 2056  PG 119

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
DEPUTY

N.A., is a corporate trustee, and Bexar County is the situs of administration of the trusts, and also two of the Defendants reside in Bexar County, Texas.

## Conditions Precedent

10.    All conditions precedent to the assertion of the claims herein and the prosecution of this lawsuit have been performed or fulfilled.

## Nature of Suit

11.    This is a suit for breach of fiduciary duties, waste, negligence, mismanagement, improper accounting, incompetence, overcharging of fees, commissions and expenses and oppression.

## Background Facts

12.    Plaintiffs are the owners of legal and beneficial interests in approximately 29,958 acres of land, more or less, in Frio and La Salle Counties, Texas, known as the Burns Ranch, which was founded by their great grandfather, Hugh Burns, early in the twentieth century.

13.    The Burns Ranch is a cattle ranch, and has produced oil and gas income and grazing and hunting rentals.

14.    Plaintiffs' interests in the Burns Ranch are largely subject to two trusts:

(a)    The "Irrevocable Trust", created by T.E. Burns pursuant to written trust agreement dated May 1, 1961; and

(b)    The "Testamentary Trust" under the will of T.E. Burns, deceased, dated July 25, 1962 which was probated in Bexar County, Texas.

VOL 2056 PG 115

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:
        DEPUTY

15.     Under both trusts, Plaintiffs' mother, Patricia Burns Clark Dailey, is the income beneficiary, and Plaintiffs and their siblings are the owners of the remainder, free of trust, upon the death of their mother.

16.     Patricia Burns Clark Dailey is 93 years old, suffers from Alzheimer's disease, and is incompetent.

17.     In light of Mrs. Dailey's incapacity, Defendant, J.P. Morgan Chase Bank, N.A. ("J.P. Morgan") is acting as the sole trustee under both trusts.

18.     Pursuant to the trusts, J.P. Morgan manages and administers a one-half undivided interest in the oil, gas and mineral estate in the Burns Ranch except for a 639 acre tract (the farm) for which it manages 100% of the minerals; 100% of the surface estate in 10,245 acres known as the "Middle Tract"; and an undivided interest in 8,770 acres known as the "East Tract."

19.     Billy Applewhite is the lessee of a "Grazing/Farming Lease" dated February 1, 2009, granted by J.P. Morgan, and covering the Middle Tract.

20.     Defendant, Gary P. Aymes, is Vice President and Senior Fiduciary Officer of J.P. Morgan.  He is the person with primary responsibility for management and administration of the trusts.  He has initiated, actively participated with, and aided and abetted J.P. Morgan in the wrongful acts and omissions more fully alleged below.

21.     Defendant, Kyle E. Gubernator, is Vice President and Real Estate Asset Manager of J.P. Morgan, has been responsible for leasing the Middle Tract for hunting, grazing and farming, and has initiated, actively participated with, and aided

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAR 0 7 2011



GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
        DEPUTY

VOL 2056 PG 1197

and abetted J.P. Morgan in certain of its wrongful acts and omissions, more fully alleged below.

<u>**Causes of Action and Specific Factual Allegations**</u>

<u>**First Cause of Action: Breach of Fiduciary Duty**</u>

**Waste**

22.     On or about February 1, 2009, J.P. Morgan, acting through Gubernator, granted and executed a grazing/farming lease, as lessor, to Billy Applewhite, as lessee, covering and including the Middle Tract of 10,245 acres.

23.     The grazing lease provides that Applewhite was required to "operate the leased premises in a prudent ranchman like manner" and to stock the lease according to "light to moderate grazing standards, so that ultimately the range will be in better condition at the termination of this lease", and to "not commit or allow any waste or damage to any portion of the lease premises."

24.     In breach and violation of the lease, Applewhite has severely overstocked and over-grazed the Middle Tract to the point that it is depleted of grasses and reduced to a desert like condition. It now bears no resemblance to the conditions of a properly managed ranch.

25.     Gubernator and J.P. Morgan, although clearly empowered to do so, and despite repeated complaints and requests by Plaintiffs, have wholly failed in any effective respect to manage and administer the grazing lease by requiring Applewhite to abide by its terms.

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: 
                      DEPUTY

VOL 2056 PG 1198

26.   J.P. Morgan's and Applewhite's and Gubernator's conduct and omissions constitute waste.

27.   The wrongful acts and omissions of J.P. Morgan and Gubernator constitute failure to exercise the judgment and care under the circumstances then prevailing that ranchers of ordinary prudence exercise in the management of their own affairs concerning the preservation of the corpus of the trust estate; failure to properly monitor and administer the grazing lease; failure to exercise their duty to investigate the condition of the property, and they have demonstrated a lack of basic competency and knowledge in administering and managing the surface of the estate.

28.   The damage to the estate is permanent, or, if remediable at all, cannot and will not be remedied within the lifetime of Plaintiffs' mother, the income beneficiary of the trusts, and so constitutes damage to and waste of the corpus of the estate and the remainder interests of Plaintiffs, for which Plaintiffs now sue.

### Second Cause of Action: Breach of Fiduciary Duty

#### Negligence and Mismanagement of the Mineral Estate

29.   The Burns Ranch has been productive of oil and gas, and is located in an area of south Texas that is known to be highly prospective and productive. Mineral income, including bonuses for execution of leases, rentals and royalties have been a major source of income to the Burns Ranch and its owners.

30.   In 2008, the Burns Ranch was not subject to any oil and gas lease, with the exception of certain productive well units covering approximately 5,000 acres, and was open for leasing.

VOL 2056 PG 1 1 9

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY TEXAS

BY:

DEPUTY

31.     During and about the year 2008, a well known oil and gas play was in progress across south Texas.  This was known as the Eagle Ford Shale trend.  La Salle and Frio Counties were and are at the center of this trend.  Bonus consideration paid for oil and gas leases in the area had markedly increased and were continuing to increase rapidly.  These were facts well known in the oil and gas industry, and among reasonably well informed mineral owners in the south Texas area.

32.     On November 8, 2009, J.P. Morgan gave an option to lease the mineral interest to BB-II Operating, LP, for a bonus consideration of $125.00 per acre.

33.     A $125.00 per acre bonus was greatly below the market price and unreasonable in late 2009.  Plaintiffs were not notified of the option or lease until well after the fact, and were never consulted regarding the BB-II Operating, LP option or lease.

34.     In fact, within a few short months following J.P. Morgan's lease to BB-II Operating, the owners of the other one-half interest in the minerals in the Burns Ranch leased their interest to Chesapeake Exploration, LLC, for $1,300.00 per acre, or approximately $19,000,000.

35.     By leasing one-half of the Burns Ranch minerals and 100% of the farm minerals for a bonus of $125.00 per acre, a consideration which was greatly below the market and for far less than should have been realized, J.P. Morgan was negligent, guilty of mismanagement and mal administration, failed to reasonably investigate market conditions, failed to exercise the judgment and care under the circumstances then prevailing that persons of ordinary prudence exercise in the

VOL 2056 PG 120

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY TEXAS
BY:
DEPUTY

management of their own affairs, failed to properly make reasonable and prudent decisions in managing the mineral estate, and demonstrated a lack of basic competency and knowledge in administering the trusts' mineral interests.

36.     According to the terms of the trusts, a substantial portion of the bonus from leasing the Burns Ranch minerals constituted corpus and principal of the trust estates.  Consequently, the acts and omissions of J.P. Morgan, alleged above, have directly resulted in substantial damages to Plaintiffs and their remainder interest in the assets of the trust, for which they now sue.

### Third Cause of Action: Breach of Fiduciary Duty

#### Failure to Disclose

37.     As trustee of the trusts, J.P. Morgan and Gary Aymes have at all times had the fiduciary duty to make full and complete disclosure to the Plaintiffs and other beneficiaries of all material facts concerning the assets, management, administration and accounting of the trusts.

38.     In breach and violation of its fiduciary duty, J.P. Morgan and Gary Aymes have failed to disclose and/or been secretive, vague and tardy in its limited and inadequate disclosures. By way of example only, and without limiting the generality of these allegations, Plaintiffs requested on more than one occasion that Defendant Aymes provide copies of the 2009 BB-II Operating, LP option and lease, and correspondence concerning them, but Aymes refused any such disclosure, despite Plaintiffs' clear rights.

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

VOL 2056 PG 120

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS.

BY:

DEPUTY

39.     Because of J.P. Morgan and Gary Aymes' failure to disclose, Plaintiffs are presently uncertain of the full extent to which J.P. Morgan has breached its duties and responsibilities as trustee, and reserve the right to seek additional relief.

40.     J.P. Morgan's and Gary Aymes' failure to disclose has been a proximate cause of damages to Plaintiffs, for which they now sue.

### Fourth Cause of Action: Breach of Fiduciary Duty

#### Exorbitant Fees and Expenses

41.     J.P. Morgan has charged and collected unreasonable and excessive fees and commissions as trustee of the trusts, and paid unreasonable and excessive expenses, in breach of its fiduciary obligations.

42.     The charging of such excessive and unreasonable fees, commissions and expenses from trust assets has been a proximate cause of damages to Plaintiffs, for which they now sue.

### Fifth Cause of Action: Breach of Fiduciary Duty

#### Improper Accounting

43.     Under the terms of the trust instruments, J.P. Morgan was obligated to add income of the trusts to principal, after distributing certain amounts to the income beneficiary.

44.     In order to avoid increasing the corpus and principal of the trusts, J.P. Morgan has paid itself and third parties unreasonable fees, commissions, and expenses, as alleged above, out of trust principal, to the extent that there has been

S:\JLD\CERTIFIED COPY CERTIFICATE... OF BEXAR     9
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____
DEPUTY

VOL 2056 PG 1202

virtually no growth in the principal and corpus of the trusts, to Plaintiffs' damage, for which they now sue.

### Sixth Cause of Action: Breach of Fiduciary Duty

#### Failure to Honor Rule 11 Agreement

45.     There was pending in Frio County, Texas, two causes of action: Cause No. 04-11-00365-CVF; *Michele Cadwallader et al., vs. Richard Clark* (the "Richard Clark case"); and Cause No. 05-07-00205-CVF; *Patricia Burns Clark Dailey, et al., vs. JP Morgan Chase Bank, N.A., vs. Larry Wright* (the "JP Morgan case"). Plaintiffs were instrumental in getting both cases settled. As a part of the consideration for the settlement of Richard Clark's case, Plaintiffs agreed to approve the settlement agreement in the JP Morgan case. When the Richard Clark case was settled, a major consideration was the agreement that Plaintiffs would take over the Billy Applewhite leases. The leases JP Morgan entered into with Billy Applewhite provide that if any portion of the property is transferred or exchanged, the leases could be terminated. In connection with the settlement of the case, a portion of the Burns Ranch was transferred, giving J.P. Morgan the right to terminate the Billy Applewhite leases. In the settlement of the Richard Clark case, a Rule 11 Agreement was entered into. Although JP Morgan did not sign the Rule 11 Agreement, it assented to it, benefitted from it and appeared in court to approve it. The Rule 11 Agreement contemplated that JP Morgan would cancel the Billy Applewhite leases in order to allow Plaintiffs to take possession of the land set aside to them upon termination of the trust. Without any justification whatsoever, JP Morgan has failed and refused to

S:\JLD\Clark, Craig\Clark v. JPM\Petition.wpd                    10

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

VOL 2056 PG 120

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
                              DEPUTY

terminate the Billy Applewhite leases, thereby preventing Plaintiffs from protecting their land and enjoying its benefits.  JP Morgan has not treated the beneficiaries equally, and in fact, has shown favoritism over others to the detriment of Plaintiffs. JP Morgan has breached its fiduciary duty by reneging on its promise of approval of a negotiated settlement by the beneficiaries of long standing disputes.

### Accounting

46.    Pursuant to Section 113.151 of the Texas Trust Code, Plaintiffs demand a written statement of accounts covering all transactions since the creation of the trusts, inasmuch as J.P. Morgan has never furnished a complete and proper accounting to Plaintiffs.

### Exemplary Damages

47.    In its acts, omissions and conduct alleged above, Defendants have been grossly negligent, have acted with malice toward Plaintiffs, and have breached fiduciary duties to Plaintiffs.  Plaintiffs seek an award of exemplary damages.

### Attorney's Fees

48.    It has been necessary for Plaintiffs to engage the undersigned firms of attorneys to prepare and prosecute this suit, and they are entitled to recover reasonable attorney's fees.

### Demand for Jury Trial

Plaintiffs hereby demand a trial by jury, and tender the jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Craig W. Clark and Richard B. Clark pray that Defendants be cited to appear and answer herein, and that

STATE OF TEXAS COUNTY OF BEXAR
I CERTIFY THIS TO BE A TRUE AND CORRECT
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____
DEPUTY

11

VOL 2056 PG 1204

upon final hearing, Plaintiffs have and recover judgment of and from J.P. Morgan

Chase Bank, N.A., Individually and Corporately, and as Trustee of the Burns

Irrevocable Trust and the Burns Testamentary Trust, Billy Applewhite, Gary P. Aymes

and Kyle E. Gubernator:

      (1)    For damages;

      (2)    For exemplary damages;

      (3)    For an accounting;

      (4)    For attorney's fees;

      (5)    Prejudgment and post-judgment interest.

Plaintiffs pray for general relief.

Respectfully submitted,

TINSMAN & SCIANO, INC.
10107 McAllister Frwy
San Antonio, TX 78216
(210) 225-3121 Telephone
(210) 225-6235 Facsimile

DROUGHT, DROUGHT & BOBBITT,
LLP
112 East Pecan Street, Suite 2900
San Antonio, Texas 78205
(210) 225-4031 Telephone
(210) 222-0586 Facsimile

By: *Richard Tinsman*
     Richard Tinsman
     State Bar No. 20064000
ATTORNEYS FOR CRAIG CLARK
AND RICHARD CLARK

By: *James L. Drought by Richard Tinsman with Permission*
     James L. Drought
     State Bar No. 06135000
     Calhoun Bobbitt
     State Bar No. 02530700
ATTORNEYS FOR CRAIG CLARK
AND RICHARD CLARK

S:\JLD\Clark, Craig\Clark v. JPM\Petition.wpd

12

VOL 2056 PG 205

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____
DEPUTY

CAUSE NO. 2011-PC-0350

FILED
IN MATTERS PROBATE

| | | |
|---|---|---|
| CRAIG WILLIAM CLARK AND | § | IN THE PROBATE COURT |
| RICHARD BURNS CLARK | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | NO. 2 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| INDIVIDUALLY AND CORPORATELY | § | |
| AND AS TRUSTEE OF THE BURNS | § | |
| IRREVOCABLE TRUST AND THE | § | |
| BURNS TESTAMENTARY TRUST, | § | |
| BILLY APPLEWHITE, GARY P. AYMES | § | |
| AND KYLE E. GUBERNATOR | § | |
| Defendants | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

Defendants JPMorgan Chase Bank, N.A., Individually and Corporately and as Trustee of

The Burns Irrevocable Trust and The Burns Testamentary Trust, Gary P. Aymes and Kyle E.

Gubernator ("Defendants"), file this Original Answer to the Plaintiff's Original Petition and

would show the Court as follows:

I.

Defendants deny generally the allegations of the Original Petition and demand strict

proof thereof.

WHEREFORE, Defendants pray that Plaintiffs take nothing by this suit and request costs

of court and such other and further relief to which they may be entitled.

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____
DEPUTY

VOL 2057 PG 8412

Respectfully submitted,

**HORNBERGER FULLER SHEEHAN
& BEITER INCORPORATED.**
The Quarry Heights Building
7373 Broadway, Suite 300
San Antonio, Texas 78209
(210) 271-1700  Telephone
(210) 271-1730  Fax

BY: _____

Patrick K. Sheehan
State Bar No. 18175500
Kevin M. Beiter
State Bar No. 02059065
David Jed Williams
State Bar No. 21518060
Mark A. Randolph
State Bar No. 00791484

**ATTORNEYS FOR DEFENDANTS –
JPMORGAN CHASE BANK, N.A. (IN ALL
CAPACITIES), GARY P. AYMES AND KYLE
E. GUBERNATOR**



STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAR 07 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
DEPUTY

VOL 2057 PG 8413

2

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of March, 2011, a true and correct copy of the foregoing document was served on the following Plaintiff's counsel of record by HAND DELIVERY:

Mr. Richard Tinsman
Tinsman & Sciano, Inc.
10107 McAllister Frwy
San Antonio, Texas 78216

Mr. James L. Drought
Drought, Drought & Bobbitt, LLP
112 East Pecan Street, Suite 2900
San Antonio, Texas 78205

Mr. W. Burl Brock
Brock & Brock, P.C.
803 East Mistletoe
San Antonio, Texas 78212

and upon the following by FIRST CLASS MAIL

Mr. Robert Lynn McGowen
McGowen Law Offices, Inc.
220 S. Teel Drive
Devine, Texas 78016

Patrick K. Sheehan
Kevin M. Beiter
David Jed Williams
Mark A. Randolph


STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAR 07 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____
DEPUTY



3

**PRIVATE PROCESS**          "THE STATE OF TEXAS"

NO.    2011PC0350

**Citation** Directed to:   BILLY APPLEWHITE
19515 FM 1582
PEARSALL, TX 78061

ATTORNEY FOR PLAINTIFF:
RICHARD EARL TINSMAN
10107 MCALLISTER FWY
SAN ANTONIO, TX 78216-4648

**NOTICE**

You have been sued. You may employ an attorney. If you or your attorney do not file a
written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next
following the expiration of twenty days after you were served this citation and petition,
a default judgment may be taken against you.

Said petition was filed on the _03RD_ day of_____February_____, _2011_ A.D. The
file number of said suit is ___2011PC0350_____. The style of said suit is
Plaintiff: CRAIG WILLIAM CLARK AND RICHARD BURNS CLARK

**vs**

Defendant: J.P. MORGAN CHASE BANK, N.A., INDIVIDUALLY AND CORPORATELY AND AS TRUSTEE
OF THE BURNS IRREVOCABLE TRUST AND THE BURNS TESTAMENTARY TRUST, BILLY
APPLEWHITE, GARY P. AYMES AND KYLE E. GUBERNATOR

A copy of the plaintiff's petition accompanies this citation. Issued on the _7TH_ day
of _____February_____, _2011_. Given under my hand and seal of said court at office
in the City of San Antonio, Texas this 7TH day of _____February_____, _2011_, A.D.

GERARD RICKHOFF, CLERK,
Probate Court No. _2_
Bexar County Courthouse
San Antonio, Texas, 78285

By _____Deputy
NANCY K. NORTHCUTT

---

**OFFICER'S RETURN**

Came to hand _8_ day of _February_, A.D. _2011_, at _2.37_ o'clock _P_.M.
and executed the _8_ day of _February_, A.D. _2011_, in _Frio County, Texas_
at _4:35_ o'clock _P_.M. by delivering to _Billy Applewhite_
a true copy of this citation together with the accompanying copy of Plaintiff's Petition.
Served at _19515 FM 1582, Pearsall, TX. 78061_
I traveled _____ miles in the execution of this citation. Fees: _____
$_____          Mileage          Total $_____

VOL 2056 PG 5341

By _____

Badge # _SCH319_

NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this ___9___ day of _February_, _2011_

(DKP028)

MARGARET CHAMBERS
Notary Public, State of Texas
My Commission Expires
November 22, 2014

_Margaret Ch_____
NOTARY PUBLIC, STATE OF _TEXAS_

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.

MAR 0 7 2011
ORIGINAL
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____
DEPUTY

FEE PAID

CAUSE NO. 2011-PC-0350

FILED
IN MATTERS PROBATE

2011 FEB 14 PM 3: 24

GERARD RICKHOFF
CLERK PROBATE COURTS
BEXAR COUNTY, TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| CRAIG WILLIAM CLARK AND RICHARD BURNS CLARK | § § § | IN THE PROBATE COURT |
| | § | |
| VS. | § § | NO. 2 |
| | § | |
| J.P. MORGAN CHASE BANK, N.A. INDIVIDUALLY AND CORPORATELY AND AS TRUSTEE OF THE BURNS IRREVOCABLE TRUST AND THE BURNS TESTAMENTARY TRUST, BILLY APPLEWHITE, GARY P. AYMES AND KYLE E. GUBERNATOR | § § § § § § § § | BEXAR COUNTY, TEXAS |

JURY DEMAND

## ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

Now comes Defendant, **BILLY APPLEWHITE** and files this his Original Answer to the Original Petition of Plaintiffs, **CRAIG WILLIAM CLARK AND RICHARD BURNS CLARK** and for same would show unto the Court as follows:

I.

Defendant, **BILLY APPLEWHITE** denies generally the allegations contained in the Petition and hereby asks for a trial of all the issues before a jury.

WHEREFORE, PREMISES CONSIDERED, Defendant, **BILLY APPLEWHITE** prays that Plaintiffs take nothing again him and that he has costs of court and all other relief to which he may be entitled.

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____
DEPUTY

VOL 2056 PG 7696



Respectfully Submitted,

**BROCK & BROCK P.C.**
803 E. Mistletoe
San Antonio, Texas 78212
(210)733-6666
(210)733-6893

BY: _W. Burl Brock_
W. BURL BROCK
Bar No. 03042500
ATTORNEYS FOR DEFENDANT
BILLY APPLEWHITE

**MCGOWEN LAW OFFICES, INC.**
220 S. Teel Drive
Devine, Texas 78016
(830)663-4421
(830)663-3315 Fax
CO-COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that the Defendant's Original Answer has been forwarded by certified mail, return receipt requested to Mr. Richard Tinsman, TINSMAN & SCIANO, INC, 10107 McAllister Fwy, San Antonio, Texas 78216, and Mr. James L. Drought, DROUGHT, DROUGHT & BOBBITT, LLP, 112 East Pecan St., Suite 2900, San Antonio, Texas 78205 on this 10th day of February 2011.

_W. Burl Brock_
W. Burl Brock

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:
DEPUTY

VOL 2056 PG 7697

CAUSE NO. 2011-PC-0350

| | | |
|---|---|---|
| CRAIG WILLIAM CLARK AND<br>RICHARD BURNS CLARK<br>    Plaintiffs, | §<br>§<br>§<br>§ | IN THE PROBATE COURT |
| v. | §<br>§ | NO. 2 |
| JPMORGAN CHASE BANK, N.A.,<br>INDIVIDUALLY AND CORPORATELY<br>AND AS TRUSTEE OF THE BURNS<br>IRREVOCABLE TRUST AND THE<br>BURNS TESTAMENTARY TRUST,<br>BILLY APPLEWHITE, GARY P. AYMES<br>AND KYLE E. GUBERNATOR<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br>BEXAR COUNTY, TEXAS |

## NOTICE OF FILING RULE 11 AGREEMENT

Now comes JPMorgan Chase Bank, N.A., Individually and Corporately and as Trustee of

the Burns Irrevocable Trust and the Burns Testamentary Trust, Gary P. Aymes and Kyle E.

Gubernator, in the above styled and referenced cause, and files this Notice of Filing Rule 11

Agreement.

Respectfully submitted,

HORNBERGER SHEEHAN FULLER
  & BEITER INCORPORATED
The Quarry Heights Building
7373 Broadway, Suite 300
San Antonio, Texas 78209
Tel: (210) 271-1700; Fax: (210) 271-1740

By: _____
Patrick K. Sheehan
State Bar No. 18175500
Mark A. Randolph
State Bar No. 00791484
David Jed Williams
State Bar No. 21518060

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAR 07 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____
        DEPUTY

VOL 2057 PG 0302



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on the following by the method indicated:

| | |
|---|---|
| Mr. James L. Drought<br>Drought, Drought & Bobbitt, LLP<br>112 East Pecan Street, Suite 2900<br>San Antonio, Texas 78205 | **VIA FACSIMILE: (210) 222-0586** |
| W. Burl Brock<br>Brock & Brock, P.C.<br>803 East Mistletoe<br>San Antonio, Texas 78212 | **VIA FACSIMILE: (210) 733-6893** |
| Robert Lynn McGowen<br>McGowen Law Offices, Inc.<br>220 S. Teel Drive<br>Devine, Texas 78016 | **VIA FACSIMILE (830) 663-3315** |

dated this 16th day of February, 2011

Patrick K. Sheehan
Mark A. Randolph
David Jed Williams

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAR 0 7 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:
DEPUTY

VOL 2057 PG 0303

2

T:\CUPMORG\DAILEY\CLARK SUIT\NOTICE OF FILING_RULE 11.DOC



# HORNBERGER SHEEHAN FULLER & BEITER
### INCORPORATED

Patrick K. Sheehan
psheehan@hsfblaw.com

February 9, 2011

Mr. James L. Drought
Drought, Drought & Bobbitt, LLP
112 East Pecan Street, Suite 2900
San Antonio, Texas 78205

Re:   Cause No. 2011-PC-0350; *Craig William Clark et al v. JPMorgan Chase Bank, N.A. et al*; Probate Court No. 2, Bexar County, Texas

## RULE 11 AGREEMENT

Dear Mr. Drought:

    This is to confirm our agreement that February 8, 2011, shall be the date of service and receipt of Plaintiffs' Original Petition upon the Defendants JPMorgan Chase Bank, N.A., individually and corporately and as Trustee of the Burns Irrevocable Trust and the Burns Testamentary Trust, Gary P. Aymes and Kyle E. Gubernator, and that the date for such Defendants to reply to this Petition shall be on or before 10:00 a.m. on Monday, March 7, 2011.

    Please confirm your agreement by signing below and returning a signed copy of this letter to me for filing with the Court as a Rule 11 TRCP agreement.

Sincerely,

Patrick K. Sheehan

PKS/lrk
T:\JPMORGAN\A\A6\CLARK\LETTDROUGHT_LTR.DOC

AGREED:

DROUGHT, DROUGHT & BOBBITT, LLP

By: _____
James L. Drought
State Bar No.: 06135000

**ATTORNEY FOR PLAINTIFFS**

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAR 07 2011

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
DEPUTY

VOL 2057 PG 0304

7873 Broadway, Suite 300 • San Antonio, TX 78209
210.271.1700 • Fax 210.271.1740

## AFFIDAVIT OF GARY P. AYMES

STATE OF TEXAS          §
§
COUNTY OF BEXAR      §

     BEFORE ME, the undersigned authority, personally appeared GARY P. AYMES, who, after being duly sworn, deposed and said as follows:

     "1.      My name is GARY P. AYMES. I am a Vice-President, Trust Officer for JPMorgan Chase Bank, N.A. ("J.P. Morgan"). I am over the age of eighteen (18), have never been convicted of a felony or crime of moral turpitude, and am in all ways competent to make this Affidavit.

     2.      This Affidavit is based upon my personal knowledge gained and learned as a trust officer for J.P. Morgan involved in administering the Patricia Burns Clark Trust under the Will of T.E. Burns and the Patricia Burns Clark Irrevocable Trust (collectively the "Burns Trusts"). Each of the Burns Trusts has assets that vastly exceed $75,000 in value.

     3.      On January 11, 2011, counsel for Patricia Burns Clark Dailey, the beneficiary of the Burns Trusts (by and through Carolyn J. Clark with power of attorney), sent a demand letter to J.P. Morgan. In that demand letter, counsel alleged that J.P. Morgan proximately caused monetary damages to the Burns Trusts in connection with entering into an Option Agreement to lease mineral interests owned by the trust. Counsel for Ms. Dailey allege that the $125 per acre bonus payments under the Option Agreement were below market value. Counsel alleged that the market value for such bonus payments at the time J.P. Morgan entered into the Option Agreement was $3,000 per acre, resulting in alleged damages to the Burns Trusts in excess of $35 million."



EXHIBIT

B



GARY P. AYMES


SUBSCRIBED and SWORN TO before me on this 7th day of March, 2011.

SHERRY HARRISON
Notary Public, State of Texas
My Commission Expires
October 19, 2013

Notary Public, State of Texas

2